NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIANA ZABALA MAHECHA;
NAOMI FELIPE SABALA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-832

Agency Nos.
A240-648-967
A240-494-355

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 6, 2026**
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO, District Judge.***

Adriana Zabala Mahecha and her minor daughter, as a derivative applicant,

petition for review of an order of the Board of Immigration Appeals ("BIA")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

upholding an immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review for substantial evidence denials of asylum and withholding of removal. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). "In order to reverse the BIA, we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Id.* (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

To establish eligibility for asylum, Zabala Mahecha must show past persecution or a well-founded fear of future persecution. *Lim v. INS*, 224 F.3d 929, 934, 937 (9th Cir. 2000). A well-founded fear means that a petitioner's fear is subjectively genuine and objectively reasonable. *Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004). To qualify for withholding of removal, a petitioner must establish "a presumption of fear of future persecution based on past persecution" or make an "independent showing of clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). "The clear probability standard is more stringent than the well-founded fear standard for asylum." *Id.* Substantial

---

[1] Zabala Mahecha does not challenge the BIA's denial of CAT relief. Thus, the issue is waived. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

evidence supports the BIA's determination that Zabala Mahecha failed to make the required showing of past persecution or a fear of future persecution.

Zabala Mahecha's longtime partner, "Kevin," is the father of her daughter and works as a police officer in Colombia. For Zabala Mahecha's protection, she did not live with Kevin after he became an officer in 2018. Kevin worked in Norte de Santander, and he would visit Zabala Mahecha in Bogota about four or five times a year for a few days each time. After Kevin participated in the arrest of a prominent member of the Revolutionary Armed Forces of Colombia ("FARC") in September 2021, the FARC threatened him about four or five times through text messages stating that "he had to leave or quit the police force or else they were going to harm him and his close family members." Then, in October 2021, the FARC attacked and threatened Kevin's parents and sister in front of his grandfather's home. The FARC, however, never directly threatened or confronted Zabala Mahecha.

Because the FARC only indirectly threatened Zabala Mahecha and never confronted her, the record does not compel a conclusion that she suffered past persecution.[2] *See Lim*, 224 F.3d at 937 ("[Petitioner's] mail and telephone threats, without more, do not compel a finding of past persecution."); *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) ("[A]lthough harm to a petitioner's close

---

[2] Zabala Mahecha does not dispute that the substantial evidence standard of review applies to the BIA's determination that she suffered no past persecution.

relatives . . . may contribute to a successful showing of past persecution," it must be "part of 'a pattern of persecution closely tied to' [the petitioner] himself[.]" (quoting *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991))).

Substantial evidence also supports that Zabala Mahecha's alleged fear of future persecution is not well-founded because it is not objectively reasonable. The FARC's actions and threats were never directed at her specifically. And while "[a]cts of violence against the applicant's friends and family may establish a well-founded fear where the[] acts create a pattern of persecution closely tied to the petitioner," *Cordon-Garcia v. INS*, 204 F.3d 985, 991 (9th Cir. 2000), the record lacks evidence of a close connection here. There is no compelling evidence that the FARC, in carrying out their threats and acts, had a particular interest in Zabala Mahecha or knew about her connection to Kevin. Further, Kevin's grandfather continues to live in Bogota, and his letter dated April 2023 discusses the October 2021 incident only. Zabala Mahecha's failure to demonstrate a well-founded fear of future persecution necessarily means that she also fails to demonstrate a clear probability of future persecution. *See Arriaga-Barrientos*, 937 F.2d at 413.

Eligibility for asylum and withholding of removal also requires Zabala Mahecha to show that the government would be unable or unwilling to protect her from her alleged persecutors. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d

1081 (9th Cir. 2013) (en banc). Substantial evidence supports the BIA's determination that Zabala Mahecha failed to make that showing.

When Kevin reported the FARC's threats to his superiors, they relocated him to a safer work location. The country conditions evidence also shows that the Colombian government generally investigates and prosecutes crimes committed by criminal groups like the FARC. Further, because Zabala Mahecha failed to report the FARC's threats to the police, the record does not show that the government would have been unable or unwilling to address those threats and protect her from the FARC.[3] While the record contains evidence supporting a conclusion contrary to the BIA's, considering such evidence in light of the entire record does not compel us to conclude that the government would be unable or unwilling to protect Zabala Mahecha from the FARC.[4]

**PETITION DENIED.**

---

[3] Contrary to Zabala Mahecha's argument, the BIA did not treat her failure to report the threats as dispositive. Rather, the BIA considered it a factor in determining whether the government was unable or unwilling to control the FARC. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) (en banc).

[4] Given our disposition, we need not address Zabala Mahecha's argument that the agency erred in deciding that she had failed to establish membership in a particular social group.